# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHRISTINE CURRY, parent and )
guardian of the deceased, )
Jonathan Curry, )
                                    )
                Plaintiff, )
                                      )
vs. )    Case No. 16-1270-EFM-KGG
                                      )
VIA CHRISTI HOSPITALS )
WICHITA, INC., )
                                      )
                Defendant. )
_____ )

## REPORT & RECOMMENDATION ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her federal court Complaint alleging medical malpractice (Doc. 1), Plaintiff Christine Curry has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed). Having reviewed Plaintiff's motion, as well as her Complaint, the Court **recommends** Plaintiff's motion for *IFP* status be **DENIED**. This Court further **recommends** Plaintiff's claims be dismissed for failure to state a viable federal cause of action.

## I.      Motion to Proceed Without Prepayment of Fees.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

The Court notes that Plaintiff failed to provide the requisite financial affidavit accompanying her motion.  Plaintiff was notified by mail on June 30, 2016, that her financial affidavit was missing and was instructed to "correct the deficiency immediately."  (*See* Doc. 4, text entry.)  Although Plaintiff was not given a stated deadline by which to provide the requisite financial affidavit, to date, some 40 days later, Plaintiff has not corrected the deficiency in an immediate manner.

Because of serious concerns regarding the viability of Plaintiff's federal

2

court Complaint (discussed *infra*), the Court **recommends** to the District Court that Plaintiff's motion be **DENIED without prejudice** subject to the District Court's determination of the viability of Plaintiff's claims.  Should the District Court not follow the recommendation for dismissal of the undersigned Magistrate Judge (*infra*), Plaintiff will be further instructed to provide the requisite financial information by a date certain before this Court reconsiders the *IFP* issue.

## II.    Sufficiency of Complaint and Recommendation for Dismissal.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or

malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested.

5

Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff brings her claims against "Via Christi Hospitals" alleging medical malpractice in the context of surgery performed on the deceased.  (Doc. 1.)  The Court is unable to glean a federal cause of action arising out of these allegations. Medical malpractice sounds in state law tort.  Absent a violation of federal statute or regulation, such claims do not constitute a violation of the U.S. Constitution or federal law.  Further, there is no basis for federal court diversity jurisdiction because Plaintiff and Defendant are both citizens of the state of Kansas.

Simply stated, the Court cannot glean a comprehensible cause of action upon which relief may be granted in federal court from the facts alleged in Plaintiff's Complaint.[1]  This requires the Court to **recommend to the District Court the dismissal of Plaintiff's claims** pursuant to 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for *IFP* status (Doc. 3) be **DENIED without prejudice**.

---

[1]  In reaching this conclusion, the undersigned Magistrate Judge is not opining as to whether or not Plaintiff's claims would be viable in Sedgwick County District Court.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas, on this 11th day of August, 2016.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

7